**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LINO NSHIMBA,<br><br>        Plaintiff,<br><br>  v.<br><br>LOWE'S HOME IMPROVEMENT WAREHOUSE, INC., et al.,<br><br>        Defendants. | No. CV 10-2982 RS (NJV)<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL**<br><br>(Docket Nos. 23 & 30) |

    On May 6, 2011, Defendant Lowe's Home Improvement Warehouse, Inc. filed a motion to compel Plaintiff Lino Nshimba to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents, verify his interrogatory responses, and to produce responsive documents.  Doc. No. 23.  The district court referred Defendant's motion to compel and all future discovery disputes to this Court for determination.  Doc. No. 26.  Plaintiff did not file an opposition to Defendant's first motion to compel.

    On May 19, 2011, the Court ordered counsel for all parties to engage in an in-person meet and confer by June 3, 2011 regarding the pending discovery dispute.  Doc. No. 29.  On May 24, 2011, Defendant filed a second motion to compel the same responses as its first motion to compel. Doc. No. 30.  Defendant indicates that the parties discussed the discovery dispute in detail on May 12, 2011 before and after a hearing in this action before Judge Seeborg and that Plaintiff agreed to supplement his responses.  Doc. Nos. 30, 31.

1  On June 2, 2011, counsel for Defendant informed the Court that the parties were unable to
2 engage in an in-person meet and confer by June 3, 2011, due in part to the unavailability of
3 Plaintiff's counsel through June 15, 2011. On June 3, 2011, the Court ordered counsel for all parties
4 to engage in the previously ordered in-person meet and confer regarding the pending discovery
5 dispute by close of business June 20, 2011, and to file a single joint letter regarding the status of the
6 in-person meet and confer by close of business June 23, 2011. Doc. No. 34.

7  On June 14, 2011, Defendant filed a notice of Plaintiff's non-opposition to its motion to
8 compel. Doc. No. 35. In its notice, Defendant indicates that Plaintiff previously agreed to
9 supplement his responses but has not yet done so. Defendant also indicates that Plaintiff has not
10 responded to its attempts to meet and confer per this Court's orders.

11  Plaintiff's response was due June 7, 2011, and as of June 15, 2011, Plaintiff had not filed his
12 response to Defendant's second motion to compel. The Court therefore ordered Plaintiff to file his
13 opposition or statement of non-opposition to Defendant's motions to compel by close of business
14 June 17, 2011. Doc. No. 36. On June 17th, Plaintiff filed his response. Doc. No. 37. The Court
15 vacated the June 28, 2011 hearing and took Defendant's motions for submission on the papers. Doc.
16 No. 38.

17  Plaintiff's response consists of two sentences: "The court and opposing counsel were made
18 ware [sic] that counsel for plaintiff was out of town and unavailable during the period of the filing
19 of defendant's motion to compel. Plaintiff has provided all evidentiary discovery propounded by
20 defense counsel prior to May 20, 2011." Doc. No. 37. Plaintiff failed to provide any detail
21 regarding his discovery responses, failed to submit a declaration in support of his response, and also
22 failed to respond to any of Defendant's arguments.

23  Even more concerning, Plaintiff's statement is not accurate. After attempting to meet and
24 confer with Plaintiff, Defendant filed its first motion to compel on May 6, 2011, and Plaintiff
25 appeared at a hearing in this action before Judge Seeborg on May 12, 2011. Doc. Nos. 23, 27;
26 Declaration of Christiane A. Roussell In Support of Defendant's First Motion to Compel, ¶ 9 (Doc.
27 No. 24). The parties discussed Defendant's motion to compel at this May 12th hearing. Roussell
28 Decl. In Support of Defendant's Second Motion to Compel, ¶ 11 (Doc. No. 31). Therefore, Plaintiff

was not unavailable during the filing of Defendant's motion to compel. Defendant filed its second motion to compel, substantially identical to its first motion to compel, on May 24, 2011. While Plaintiff's counsel may have been unavailable the first half of June 2011, he had notice and knowledge of Defendant's first motion to compel filed on May 6, 2011 and counsel failed to respond to this motion to compel.

In addition, Plaintiff's responses to Defendant's First Set of Interrogatories and First Request for Production of Documents were incomplete and for some requests, missing. Roussell Decl. In Support of Defendant's Second Motion to Compel, Exs. E & F (responses handwritten on Defendant's discovery requests).

Therefore, the Court **GRANTS** Defendant's motions to compel and orders Plaintiff to supplement his responses to Defendant's First Set of Interrogatories and First Request for Production of Documents, verify his interrogatory responses, and to produce responsive documents within twenty-one (21) days of the filing of this order.

**IT IS SO ORDERED.**

Dated: June 20, 2011

NANDOR J. VADAS
United States Magistrate Judge

3