**United States District Court**
For the Northern District of California

**\*E-Filed 1/12/12\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LINO NSHIMBA,

               Plaintiff,

   v.

LOWE'S HOME IMPROVEMENT
WAREHOUSE, INC., et al.,

               Defendants.

_____/

No. C 10-2982 RS

**ORDER GRANTING MOTION TO
REOPEN ACTION AND TO PERMIT
PLAINTIFF TO APPEAR *IN PRO SE***

On December 9, 2011 this action was dismissed pursuant to Rule 37(b)(2)(A)(v) of the

Federal Rules of Civil Procedure, as a sanction for plaintiff's failure to comply with discovery

obligations.  The dismissal order expressly declined to enter default judgment against plaintiff, and

provided that the dismissal was without prejudice, because the record did not permit a determination

as to the extent to which, if any, plaintiff, as opposed to his counsel, was at fault.  Plaintiff, acting

without counsel, has now filed a motion to reopen the case and to substitute himself *in pro se* in the

place of his counsel of record.  Plaintiff asserts that while he had repeated difficulties reaching his

counsel to obtain information regarding the status of this case, counsel had reassured him that it was

proceeding normally and that there was nothing else he needed to do.  Plaintiff contends he only

learned this action had been dismissed when he made independent inquiries to Court staff. Plaintiffs' assertions are plausible in light of the conduct of his attorney reflected in the record.

Defendant has opposed the motion to reopen, relying on *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519 (9th Cir. 1990) for the proposition that, "the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his or her client. *Id.* at 1523. *West Coast*, however, in turn relied on *In re Hill*, 775 F.2d 1385 (9th Cir. 1985), which more fully explained that where "the impact of the sanction imposed is primarily against the client," discretion should be exercised with caution. *Id.* at 1387. In the analogous context of dismissal under Rule 41(b) for failure to prosecute or to comply with a court order, the *Hill* court observed, "[a]pplication of the remedy rests within the sound discretion of the court, but since it may severely punish a party not responsible for the alleged dereliction of his counsel, the Rule should only be invoked in extreme circumstances." *Id.* (*quoting Industrial Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336 (9th Cir. 1970)).

Accordingly, good cause appearing, plaintiff's motion to reopen is granted, as is his motion to substitute himself *in pro se*. The parties shall appear for a further Case Management Conference on February 16, 2012, with a joint Case Conference Management Statement to be submitted one week in advance. Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415/782.9000  x8657 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, plaintiff may speak with an attorney who may be able to provide basic legal help but not legal representation.

IT IS SO ORDERED.

Dated: 1/11/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE